GARRETT, J., concurring.
I concur. I write separately to further emphasize that the Board considered extensive testimony from both former Fire Chief Ronald Craig Mulford and former Assistant Fire Chief Randy Beason[1] before it unanimously determined that the investigation as to Mr. Richardson did not begin until July 10, 2013, and, thus, there was no violation of the 60-day rule under La. R.S. 33:2186. Indeed, the record shows that the Board took this issue up first and devoted considerable attention to it. Evidence was presented to the Board which explained that Mr. Richardson's presence at the Central Fire Station on June 26, 2013, was not because he was under investigation at that time. Rather, all the firefighters on duty from Station 8 were required to be at the Central Fire Station because both fire trucks from the station were driven to the Central Fire Station. Some of the more senior firefighters were questioned on June 26, 2013, and apparently were less than forthcoming. Mr. Richardson was not questioned on that date.
*699 Information concerning his possible involvement in the illegal activities at Station 8 did not surface until later, as more information came to the attention of the Chief. Mr. Richardson was questioned on July 10, 2013, and executed the "Notice of Formal Investigation and/or Interrogation" on that date. The Board members considered much evidence adduced by counsel for the parties and also posed many questions on their own. The Board carefully considered this issue and had ample evidence before it to reject Mr. Richardson's contention that the investigation as to him was not completed within the 60-day time frame required by La. R.S. 33:2186.
The Board's decision that "the clock" applicable to Mr. Richardson's case began on July 10, 2013, is fully supported by the evidence adduced before the Board and reasonable inferences drawn by the Board members from the evidence. The Board's factual findings and decision based on them are entitled to much deference. An examination of the proceedings before the Board shows they were not clearly wrong or manifestly erroneous in reaching their ruling on this issue. The district court's decision to "overrule" the Board by conducting a de novo analysis and interpreting the evidence in a manner different from the Board's findings was wrong.

Both of these witnesses were retired by the time of the hearing. Mr. Richardson was terminated on August 30, 2013. For reasons unclear from the record, the hearing before the Board in this case was not held until June 8, 2016. Perhaps the hearing was delayed pending resolution of the criminal proceedings.